FRANCISCO ROCA and ARTHUR HENRIQUES, Respondents, *v.* ANNA D. BYRNE, as Administratrix, etc., of DANIEL BYRNE, Deceased, Appellant, Impleaded with the CORN EXCHANGE BANK.

*Right of a principal to reclaim money received by his agent.*

The relation of debtor and creditor is not inconsistent with that of principal and agent, or with the claim that money received by a debtor from a creditor was received in a fiduciary capacity.

When an agent receives money or property from his principal, it may be reclaimed, as between the parties and before other persons have, in good faith, acquired rights therein, so long as the money or the avails of the property can be traced.

A foreign firm had been in the custom of remitting bills of exchange to a commission merchant in New York, the avails of which he deposited in an account in his own name in a New York bank, in regard to which he accounted with the firm at intervals; the commission merchant died, insolvent and indebted to the firm, and having on deposit in his bank account the avails of certain of the firm's bills of exchange; after his death, certain drafts were received from the

firm, which were appropriated by some one assuming to act for the decedent's estate and the avails were deposited to the credit of the said account.

The firm thereafter brought an action against the decedent's representative and the bank, where the avails of certain of the firm's bills of exchange then were to the credit of the decedent's account, to compel the application of so much thereof as was necessary to pay the sum due from the decedent to the firm, on the theory that the bills of exchange and their avails were received in a fiduciary capacity.

*Held*, that a judgment awarding the plaintiffs the amount due them, to be paid by the bank out of the account, was correct.

APPEAL by the defendant, Anna D. Byrne, as temporary administratrix of Daniel Byrne, deceased, from a judgment of the Supreme Court, rendered at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 23d day of January, 1893, in favor of the plaintiffs, in an action brought against the said defendant and the Corn Exchange Bank.

*Benjamin S. Harmon*, f r the appellant.

*Michael H. Cardozo*, for the respondents.

FOLLETT, J. :

When the transaction out of which this action arose, occurred, the plaintiffs were engaged in business at Guayaquil, Ecuador, under the firm name of Roca & Henriques, and Daniel Byrne was a commission merchant engaged in business in the city of New York. It is conceded that in February, 1888, Byrne became the agent of the plaintiffs at said city, and so continued until August 2, 1891, when he died. The plaintiffs were accustomed to consign merchandise to Byrne for sale, the proceeds of which were credited to the account of the principals. Byrne also purchased goods at the city of New York for, and shipped them to, the plaintiffs, which were paid for by the avails of goods consigned to and sold by Byrne, and by bills of exchange sent to him by the plaintiffs. The plaintiffs were also accustomed to draw bills on Byrne, which he accepted, paid and charged to their account, and interest was charged on the balances against whichever party happened to be the debtor. Every six months the account was settled. On June 30, 1891, a settlement was had of all unsettled matters, and a balance of $24,953.63, was found to be due to Byrne. Six bills amounting to $9,721.58, drawn by plaintiffs, accepted by Byrne and charged in the account

of June thirtieth, fell due after that date, but were not paid by Byrne, and were thereafter paid by the plaintiffs, which reduced their indebtedness to him to $15,232.05. Between June 20 and August 1, 1891, the plaintiffs sent Byrne nine bills drawn on various persons and firms amounting to $18,313.69, which he and his representative received and collected, so that the balance due from his estate when this action was begun was $3,081.64. During the period covered by the transactions involved in this litigation, Byrne kept an account with the Corn Exchange Bank, to the credit of which all his own money as well as the avails of merchandise and bills of exchange received from the plaintiffs were deposited, and against which he drew for his own account and benefit, and also in conducting the business of the plaintiffs. On July 25, 1891, Byrne received from the plaintiffs two bills of exchange amounting to $2,474.06 which on that day he deposited in said bank to the credit of his account. On July 30, 1891, he received from plaintiffs a bill of exchange for $2,000, which on the same day he deposited in said bank to his credit. On August 2, 1891, Byrne died insolvent. On August 5, 1891, some person claiming to act for the estate of Byrne received from plaintiffs a bill of exchange for $440, the avails of which, amounting to $439.61, were on the same day deposited to the credit of said account in said bank, and on August 31, 1891, some person claiming to act for the estate of Byrne received from the plaintiffs a bill of exchange for $600, the avails of which were on the same day deposited to the credit of said account in said bank. The bills described, aggregating $5,513.67, were four of the nine bills which aggregated $18,313.69, above mentioned.

This action was brought to compel the application of so much of said bank account as was necessary to pay the sum due from Byrne to the plaintiffs, on the theory that the bills of exchange and their avails were received in a fiduciary capacity.

It is alleged in the complaint and admitted by the answer that the avails of the four drafts were deposited in the bank at the dates mentioned, and it was conceded on the trial that when this action was begun $4,514.05 of the money derived from the four bills of exchange was on deposit to the credit of said account. The action was defended on the theory that the relation between the parties was that of debtor and creditor. That this relation did exist is

quite apparent. Indeed, it is a necessary foundation for the action. But the relation of debtor and creditor is not inconsistent with the relation of principal and agent, and with the position that the sum owing was received in a fiduciary capacity. (*National Bank* v. *Ins. Co.*, 104 U. S. 54.) The plaintiffs alleged in the complaint that Byrne was their agent in these matters, which allegation was admitted by the answer. It was also conceded by the written stipulation signed by the parties, and introduced in evidence upon the trial, that Byrne was the agent of these plaintiffs from February, 1888, down to the time of his death.

How it can be claimed in the face of these admissions that Byrne was not acting in a fiduciary capacity, and that he did not receive these various sums to be expended in the business of the plaintiffs, is quite impossible to see.

The rule is well settled that when an agent receives money or property from his principal, that they may be reclaimed, as between the parties, and before other persons have, in good faith, acquired rights in them, so long as the money or the avails of the property can be traced. (*Knatchbull* v. *Hallett*, 13 Ch. Div. 696; *Pennell* v. *Deffell*, 4 De Gex, M. & G. 372; *National Bank* v. *Ins. Co.*, 104 U. S. 54; *Van Alen* v. *American National Bank*, 52 N. Y. 1; *Newton* v. *Porter*, 69 id. 133; *Matter of Cavin* v. *Gleason*, 105 id. 256.)

In this case it was conceded that the avails of the four bills of exchange sent by the plaintiff to Byrne were credited to the account, and that more than $4,500 of the moneys so derived were in the bank to the credit of the account when this action was begun. The last two drafts, amounting to $1,039.61, were received after the business relations between the plaintiffs and Byrne were dissolved by the latter's death, and were appropriated without right by some one assuming to act for Byrne's estate, and the avails deposited to the credit of this account.

The judgment awarding the plaintiffs the amount due them, to be paid by the bank out of the account, was correct and should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.